# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**WILLIAM CARL ROGERS, JR.**                                    **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 3:18CV82-RP**

**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

## **JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for disability insurance benefits, a period of disability and supplemental security income.   The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.   The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument during a hearing held in this matter today, the Court finds the Commissioner's decision is not supported by substantial evidence.   In his decision the ALJ did not address or even mention treating physician Dr. Bagwell's opinion that plaintiff's symptoms are severe enough to frequently interfere with the attention and concentration needed to perform even simple work tasks.   This omission makes it impossible to know whether the ALJ properly considered and weighed a treating physician's medical opinion which, if afforded some weight, would affect the RFC determination.   Pursuant to the Fifth Circuit's opinion in *Kneeland v.*

*Berryhill*, this legal error is not harmless and resulted in an RFC not supported by substantial

evidence.   850 F.3d 749, 758-62 (5th Cir. 2017); *see also* SSR 96-2p (S.S.A.), 1996 WL

374188, *5 (requiring articulation and explanation of weight given to treating source's medical

opinion in decision denying benefits).   This case is remanded to the Social Security

Administration for an evaluation of the plaintiff's application that takes into account the treating

physician's medical opinion and that, if the decision is to deny benefits, explains the weight

afforded to that opinion.

This, the 28th day of November, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

2